UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LENA CHIN,

                      Plaintiff,          16 Civ.

          -against-

                                    **Complaint and Jury Demand**

BAKER TILLY VIRCHOW KRAUSE, LLP

                  Defendant.

-------------------------------------------------------------X

Plaintiff, Lena Chin, by her attorney, Corey Stark PLLC, complains of Defendant and respectfully alleges to this Court as follows:

## NATURE OF THE ACTION

1.     This action seeks redress for violations of the Family Medical Leave Act, 29 U.S.C. §2611, *et seq.* ("FMLA"), and is based on the unlawful termination of Plaintiff's employment.

## JURISDICTION

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(4).

## VENUE

3.     Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. §1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PARTIES

4.     Plaintiff Lena Chin ("Plaintiff") is female.

5.     At all times hereinafter mentioned, Plaintiff was and still is a resident of the States of New York and New Jersey.

6.     At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of the FMLA.

7.     Upon information and belief, Baker Tilly Virchow Krause LLP ("Defendant") is a foreign limited liability partnership.

8.     Upon information and belief, Defendant conducts business in the State of New York.

9.     Defendant is engaged in an industry affecting commerce.

10.     Defendant employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year.

11.     This action arises out of Defendant's wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND OF PLAINTIFF'S EMPLOYMENT BY DEFENDANT

12.     Plaintiff's employment by Defendant commenced in July 2014 with the title or position of Senior Accountant in its Financial Services Division.

13.     Defendant assigned Plaintiff to report to Jean-Paul Schwarz ("Schwarz").

14.     At all times relevant herein, Plaintiff met and exceeded Defendant's reasonable expectations in the performance of her duties as a Senior Accountant.

15.     Defendant assigned Plaintiff to manage one of its largest accounts in New York.

16.     After one summer tax season, Plaintiff closed an engagement, and the client agreed to pay more than 30% more than the previous compliance year.

17.   In December 2014 Defendant awarded Plaintiff a merit-based spot bonus.

18.   Based on Plaintiff's outstanding work performance, in January 2015, Defendant assigned Plaintiff to serve as an "Acting Manager" and assigned her a "Manager's Desk."

19.   Defendant engaged in a practice of providing its employees with written performance appraisals, and on February 20, 2015, rated Plaintiff's performance as exceeding expectations.

20.   On July 31, 2015, Defendant awarded Plaintiff a second merit-based bonus.

21.   On August 3, 2015, Defendant awarded Plaintiff a merit-based compensation increase.

22.   Various members of Defendant's management created a pervasively hostile work environment through gratuitous abusive conduct.

23.   As a direct and proximate result of the gratuitous abusive conduct, Plaintiff's suffered significant emotional pain and suffering and was hospitalized from October 8, 2015 to October 16, 2015.

24.   On October 27, 2015, Plaintiff issued a request to exercise her right to leave under the FMLA.

25.   Plaintiff issued her FMLA leave request after she had been employed by Defendant for more than twelve (12) months and performed at least 1,250 hours of work during that period.

26.   Plaintiff was entitled to receive leave pursuant to the FMLA.

27. On November 3, 2015, which is seven (7) days after Plaintiff issued a request to exercise FMLA leave, Defendant terminated Plaintiff's employment without notice or cause.

28. Defendant's alleged reason for Plaintiff's termination was that that she was not performing adequately.

29. The alleged reason for Plaintiff's termination is a pretext for FMLA retaliation, because Plaintiff had an unspoiled performance record.

30. Plaintiff's FMLA leave request motivated Defendant's decision to terminate Plaintiff's employment.

## AS AND FOR A FIRST COUNT

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "30" inclusive with the same force and effect as if fully set forth at length herein.

32. Defendant terminated Plaintiff's employment as a direct result of her application to exercise of the right to FMLA leave.

33. By virtue of the acts complained of herein, Defendant retaliated against Plaintiff in violation of the FMLA.

34. As a direct and proximate result of the unlawful and discriminatory practices of Defendant, Plaintiff has sustained substantial damages and is entitled to recover all damages available under the FMLA.

**WHEREFORE,** Plaintiff demands the following relief:

a) a money judgment against Defendant for her damages, including, but not limited to, lost wages, lost benefits, and other economic damages;

b) reinstatement or, in the alternative, front pay;

c)      liquidated damages;

f)      prejudgment interest and costs; and

g)      such further and additional relief as the Court deems just and proper under

the circumstances.

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

5

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      February 26, 2016

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 324-3705
